**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3106
_____

IN RE:  AKEEM R. GUMBS,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 25, 2018
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 11, 2019)
_____

OPINION*
_____

PER CURIAM

    Akeem R. Gumbs has filed a petition for a writ of mandamus requesting the relief

addressed below.  We will deny the petition.

    Gumbs was convicted in the District Court of the Virgin Islands of 31 counts

relating to his production and possession of child pornography and the rape of his eight-

year-old niece, which he filmed.  The District Court sentenced him to 300 months of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imprisonment, and we affirmed. See United States v. Gumbs, 562 F. App'x 110 (3d Cir.), cert. denied, 135 S. Ct. 205 (2014). Gumbs has challenged his convictions in numerous other proceedings, including one under 28 U.S.C. § 2255, one under 42 U.S.C. § 1983, and several previous mandamus proceedings in this Court. We rejected those challenges as well. See, e.g., In re Gumbs, 726 F. App'x 166, 166 (3d Cir. 2018).

Presently before us is Gumbs's eighth mandamus petition. Gumbs seeks an order directing the District Court to rule on an "amended motion to dismiss" on the ground that he has been denied his Sixth Amendment right to a speedy trial. (ECF No. 214.) The District Court docketed that motion on October 26, 2017. Ordinarily, a District Court's failure to rule on a motion for that length of time might be cause for concern. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In this case, however, mandamus relief is not warranted for two reasons.

First, in addition to the amended motion to dismiss at issue here, Gumbs has inundated the District Court with some 70 other filings. Those filings have included almost 20 other motions to dismiss and amended motions to dismiss, including further amendments of the amended motion to dismiss on which Gumbs seeks a ruling here. Gumbs began filing these motions and other documents the month after we denied a certificate of appealability in his § 2255 appeal, and he has continued to file numerous documents every month since then, including numerous documents after he filed this mandamus petition. We cannot say that the District Court is required to rule on Gumbs's amended motion at ECF No. 214 at this point given his repeated and ongoing attempts to

2

supplement his claims. If Gumbs were to refrain from filing additional documents for some appreciable period of time and allow the District Court to rule, then the District Court might have an obligation to do so. Under the present circumstances, however, we cannot say that it does.

Second, although we express no opinion on the merits of motions still pending in the District Court, we already have addressed Gumbs's underlying contention. In Gumbs's previous mandamus petition, he sought an order directing the District Court to determine whether it would hold a trial on charges that Gumbs claimed remained pending at D.V.I. Crim. No. 3-11-mj-00031-001. We rejected his request as "frivolous." Gumbs, 726 F. App'x at 167. As we explained, the proceeding docketed at that docket number was merely a pre-trial proceeding in which Gumbs was referred to a Magistrate Judge for his initial appearance and a detention hearing, not a separate criminal proceeding in which charges remain pending. See id. Despite our ruling, Gumbs later filed the motion to dismiss at issue here in which he claims a speedy trial violation based on the "delay" in bringing him to trial in the same proceeding. We see no pressing need for the District Court to address that motion now, particularly in light of Gumbs's numerous other filings.

For these reasons, we will deny Gumbs's petition. Our ruling should not be read as an affirmative suggestion that the District Court refrain from ruling on Gumbs's

3

motion. Instead, we merely decline to order the District Court to rule on it now under the

circumstances presented here.[1]

---

[1] Gumbs has filed a supplemental petition seeking an order requiring the District Court to rule on still more of his motions. The District Court docket does not reflect the filing of any motions on the dates that Gumbs claims to have filed them, but the foregoing analysis applies equally to all of the motions that Gumbs filed around that time. To the extent that Gumbs's filings in this Court can be construed to request any other form of relief, his requests are denied.